

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALI TAJ BEY,

Plaintiff,

v.  Case No. 8:25-CV-1977-WFJ-CPT

LYFT, INC.,
CHECKR, INC.,
UBER TECHNOLOGIES, INC.,
LEXISNEXIS RISK SOLUTIONS INC.,
MAPLEBEAR INC. d/b/a INSTACART,
WALMART INC.,
DOORDASH, INC.,
MARK GLASS, *in his official capacity as Commissioner of the Florida Department of Law Enforcement,*
VICTOR D. CRIST, *in his official capacity as Clerk and Comptroller of Hillsborough County, Florida,*
Defendants.
_____/

VERIFIED COMPLAINT FOR DAMAGES, DECLARATORY
AND INJUNCTIVE RELIEF JURY TRIAL DEMANDED

I. JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 15 U.S.C. § 1681p because this action arises under the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 et seq.

1

2. This Court also has supplemental jurisdiction over all related state law claims under 28 U.S.C. § 1367(a), as the state law claims arise from the same common nucleus of operative facts and are so related to the federal claims that they form part of the same case or controversy.

3. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to the claims occurred within this District, and Plaintiff resides in Pinellas County, Florida.

4. Plaintiff seeks declaratory and injunctive relief under 28 U.S.C. §§ 2201–2202 and Fed. R. Civ. P. 57, and no damages are sought from state officials. Therefore, sovereign immunity does not apply under the exception articulated in *Ex parte Young*, 209 U.S. 123 (1908), and reaffirmed by the Eleventh Circuit in *Summit Medical Associates, P.C. v. Pryor*, 180 F.3d 1326 (11th Cir. 1999), and *Ford v. Browning*, 568 F.3d 1175 (11th Cir. 2009).

5. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 15 U.S.C. § 1681p because this action arises under the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 et seq.

6. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to the claims occurred within this District, and Plaintiff resides in Pinellas County, Florida.

7. Plaintiff seeks declaratory and injunctive relief under 28 U.S.C. §§ 2201–2202 and Fed. R. Civ. P. 57, and no damages are sought from state officials. Therefore, sovereign immunity does not apply under the exception articulated in *Ex parte Young*, 209 U.S. 123

(1908), and reaffirmed by the Eleventh Circuit in *Summit Medical Associates, P.C. v. Pryor*, 180 F.3d 1326 (11th Cir. 1999), and *Ford v. Browning*, 568 F.3d 1175 (11th Cir. 2009).

## II. PARTIES

4. Plaintiff Ali Taj Bey is a natural person and consumer as defined by the FCRA. He resides in Pinellas County, Florida.

5. Defendant Checkr, Inc. is a consumer reporting agency as defined in 15 U.S.C. § 1681a(f), with its principal place of business at One Montgomery Street, Suite 2400, San Francisco, CA 94104.

6. Defendant LexisNexis Risk Solutions Inc. is a data broker and public record aggregator with its principal place of business in Alpharetta, Georgia.

7. Defendant Lyft, Inc. is a rideshare company headquartered in San Francisco, California.

8. Defendant Uber Technologies, Inc. is a transportation technology company headquartered in San Francisco, California.

9. Defendant Maplebear Inc. d/b/a Instacart is a grocery delivery platform headquartered in San Francisco, California.

10. Defendant Walmart Inc. operates the Spark Driver platform and is headquartered in Bentonville, Arkansas.

11. Defendant DoorDash, Inc. is a food delivery platform headquartered in San Francisco, California.

12. Defendant Mark Glass is the Commissioner of the Florida Department of Law Enforcement (FDLE), sued in his official capacity. FDLE's principal office is located at 2331 Phillips Road, Tallahassee, FL 32308.

13. Defendant Victor D. Crist is the Clerk and Comptroller of Hillsborough County, sued in his official capacity. The Clerk's primary office is located at 800 E. Twiggs Street, Tampa, FL 33602.

## V. CLAIMS FOR RELIEF

## COUNT I – VIOLATION OF 15 U.S.C. § 1681e(b)

**(Failure to Maintain Reasonable Procedures to Assure Maximum Possible Accuracy)**

45. Plaintiff incorporates by reference all prior paragraphs as if fully set forth herein.

46. Under the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681e(b), a consumer reporting agency must follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

47. Checkr, Inc. furnished reports to multiple employers which included a felony conviction that was factually disputed, legally void, and admitted to be unverifiable.

48. Despite receiving formal disputes from Plaintiff in May and June of 2023, Checkr continued to report the conviction without flagging it as disputed or deleting it.

49. Each of the employer defendants—Lyft, Inc., Uber Technologies, Inc., Maplebear Inc. d/b/a Instacart, Walmart Inc., and DoorDash, Inc.—used these reports in employment

4

decisions and are liable under 15 U.S.C. § 1681n(a) and § 1681o(a) because they relied on consumer reports that were not procured or maintained in compliance with § 1681e(b).

50. As held in *Jones v. Sterling Infosystems, Inc.*, 795 F. App'x 753, 759 (11th Cir. 2019), an employer who "knows or should know" that a consumer report is inaccurate and proceeds to use it anyway may be held liable for willful violation under the FCRA.

51. As a direct result of the actions of both Checkr and the employer defendants, Plaintiff was denied employment and suffered concrete and particularized harm. –

**COUNT II - VIOLATION OF 15 U.S.C. § 1681i**

52. **(Failure to Conduct Lawful Reinvestigation of Disputed Information)**

53. Plaintiff incorporates by reference all prior paragraphs.

54. Pursuant to § 1681i, upon notification of a dispute, a consumer reporting agency must conduct a reasonable reinvestigation to determine the accuracy of the information.

55. Plaintiff notified Checkr on May 1, 2023 and again on June 6, 2023 that the conviction record was inaccurate, unverifiable, and constitutionally invalid.

56. Checkr admitted it could not obtain an unredacted certified record but still failed to delete or correct the entry.

57. The Eleventh Circuit has held that reinvestigation procedures must be meaningful and lead to actual resolution. *Cahlin v. Gen. Motors Acceptance Corp.*, 936 F.2d 1151 (11th Cir. 1991).

58. Checkr's reinvestigation was perfunctory and inadequate, violating § 1681i.

5

59. As a direct result of this violation, Plaintiff suffered loss of employment, reputation, and economic harm.

## COUNT III – VIOLATION OF 15 U.S.C. § 1681b

**(Furnishing Report Without a Permissible Purpose)**

59. Plaintiff incorporates all prior paragraphs.

60. Under § 1681b, a consumer reporting agency may only furnish a report for a permissible purpose, such as employment, and must ensure that the user certifies such purpose.

61. Checkr furnished Plaintiff's criminal record to multiple employers despite its knowledge that the record was unverified and constitutionally infirm.

62. Once Checkr acknowledged that the court would not provide the records to them, they no longer had a valid basis to certify the report's use for employment.

63. Checkr's actions violated § 1681b and contributed to Plaintiff's injuries.

## COUNT IV – UNJUST ENRICHMENT AND EQUITABLE DISGORGEMENT

**(Against Checkr and LexisNexis)**

64. Plaintiff incorporates all prior paragraphs.

65. Checkr and LexisNexis derived financial benefit from the sale and dissemination of Plaintiff's void and unverifiable conviction.

66. Equity demands that no entity should profit from unconstitutional or unlawful data practices.

6

67. Checkr and LexisNexis retained unjust profits at Plaintiff's expense and must be ordered to disgorge all amounts derived from the misuse of his criminal record.

## COUNT V – DECLARATORY AND INJUNCTIVE RELIEF

**(Against FDLE Commissioner Mark Glass, Clerk Victor Crist, Checkr, and LexisNexis Risk Solutions Inc.)**

68. Plaintiff incorporates all prior paragraphs.

69. Plaintiff seeks a declaratory judgment that the conviction in Case No. 21-CF-014072-A is void due to constitutional and jurisdictional defects.

70. Plaintiff seeks injunctive relief prohibiting: a. FDLE and Clerk Crist from publishing, transmitting, or certifying the void record; b. Checkr from continuing to report or republish Plaintiff's void conviction; c. LexisNexis from reselling, redistributing, or otherwise disclosing Plaintiff's void conviction.

71. Under *Ex parte Young*, 209 U.S. 123 (1908), and *Ford v. Browning*, 568 F.3d 1175 (11th Cir. 2009), state officials may be sued in their official capacity for prospective equitable relief. Likewise, private parties such as Checkr and LexisNexis are subject to injunctive orders when their conduct violates federal statutory or constitutional rights.

72. Plaintiff has no adequate remedy at law and has exhausted all available state and federal procedures.

73. Plaintiff will continue to suffer irreparable harm—including reputational damage, denial of employment, and infringement of privacy—unless the Court intervenes to declare the record void and prohibit its continued use or circulation by these parties.

## IV. NATURE OF VOID JUDGMENT

74. The conviction in Hillsborough County Case No. 21-CF-014072-A is alleged to be constitutionally void for multiple independent reasons:

75. First, the charge of Felon in Possession of a Firearm was premised upon a prior conviction that had been legally expunged, thereby nullifying a required element of the offense.

76. Second, Plaintiff entered a plea under conditions amounting to duress, coercion, and lack of knowing voluntariness, in violation of the Fifth and Fourteenth Amendments of the U.S. Constitution.

77. Third, the court lacked subject matter jurisdiction to proceed on a defective charging document and failed to establish a factual basis for the plea during allocution, violating Rule 3.172(c), Fla. R. Crim. P., and federal due process standards under *Boykin v. Alabama*, 395 U.S. 238 (1969).

78. Fourth, the judgment remains enforceable and reportable despite being legally void, and neither the court nor state agencies have provided a mechanism for vacatur or correction despite repeated and timely efforts by Plaintiff.

79. Under controlling Eleventh Circuit precedent, a judgment that is void for lack of jurisdiction or obtained in violation of fundamental constitutional protections is subject to collateral attack in federal court, and under longstanding equitable principles, state

officials not only possess the authority but also carry a ministerial and equitable obligation to cease enforcement and facilitate relief when a judgment is void on its face, as further affirmed in *Burrell v. State Farm Fire & Cas. Co.*, 226 F.3d 1333, 1338 (11th Cir. 2000), which reiterated that void judgments are legal nullities that may be set aside at any time and cannot be enforced by courts or government officials with knowledge of the defect See *Johnson v. DeSoto County Bd. of Comm'rs*, 72 F.4th 1316, 1322 (11th Cir. 2023).

80. The continued dissemination and reliance upon a void criminal judgment by both public and private actors constitutes an ongoing deprivation of liberty and property interests under color of state law, actionable under the federal constitution and entitling Plaintiff to declaratory and injunctive relief.

81. No court to date has ruled on the constitutional validity of the judgment in Case No. 21-CF-014072-A. The state courts have refused to docket or hear Plaintiff's pending Rule 3.850 motion filed on June 2, 2025, and have failed to respond to the July 3, 2025 Motion to Hear and Rule.

82. A subsequent federal habeas petition filed in Case No. 8:25-cv-997 was dismissed for lack of jurisdiction due to Plaintiff not being in custody, leaving Plaintiff with no meaningful remedy outside this Court's equitable jurisdiction.III. FACTUAL ALLEGATIONS

83. Plaintiff Ali Taj Bey is a job-seeking individual who applied to multiple app-based platforms including Lyft, Uber, Uber Eats, Instacart, Walmart (via Spark Driver), and DoorDash during the period from January 2023 through October 2024.

84. Each employer requested a background check on Plaintiff from Defendant Checkr, Inc., which operates as a consumer reporting agency under the FCRA.

85. Checkr furnished consumer reports to each employer that included a criminal conviction from Hillsborough County Circuit Court in Case No. 21-CF-014072-A. This record included a charge for Felon in Possession of a Firearm with a disposition date of June 23, 2022.

86. The conviction arose from a prosecution that Plaintiff alleges was void, constitutionally defective, and grounded on an expunged prior predicate offense. The conviction was obtained through a plea entered under duress.

87. On January 19, 2023, Plaintiff received a Post-Adverse Action Notice from Instacart (Maplebear Inc.) indicating that he was disqualified from employment based in whole or in part on the information contained in the Checkr report.

88. On May 22, 2023, Lyft notified Plaintiff that his background report was under review, and on June 1, 2023, Lyft issued a formal rejection citing the same felony charge.

89. On July 26, 2023, Checkr emailed Plaintiff that his Uber Eats report had been completed. On August 19, 2023, Plaintiff received a Post-Adverse Action Notice from Uber Eats denying him access to the platform based on the report.

90. On October 11, 2024, Checkr generated a report for Walmart/Spark Driver containing the same disputed felony record. On October 14, 2024, Walmart sent Plaintiff a pre-adverse action notice.

91. On May 12, 2023, Checkr generated a background report for DoorDash, which resulted in a pre-adverse action notice and final disqualification between May 22 and June 23, 2023.

92. On May 1, 2023, Plaintiff disputed the Hillsborough County record with Checkr. On May 19, 2023, Checkr acknowledged the dispute and stated that while some elements were revised, the conviction remained in the report.

93. On June 6, 2023, Plaintiff submitted another reinvestigation request concerning the DoorDash report. On June 23, 2023, Checkr responded stating that it had contacted the courts and confirmed the record but admitted that it could not obtain unredacted copies unless provided by the subject or their attorney.

94. On July 7, 2023, Plaintiff sent a formal email to Checkr advising that the 30-day reinvestigation period had expired under 15 U.S.C. § 1681i(a)(1) and that Checkr had failed to delete the unverifiable information.

95. Plaintiff also submitted a pre-arbitration notice on June 9, 2023, demanding $6,000 per employer for damages arising from Checkr's reporting and failure to resolve the dispute.

96. Plaintiff filed a Florida Rule 3.850 post-conviction motion in Hillsborough County on June 2, 2025, and a Motion to Hear and Rule on July 3, 2025. As of this filing, no hearing has been scheduled.

97. On April 26, 2025, Plaintiff filed a federal habeas corpus petition under 28 U.S.C. § 2254 in Case No. 8:25-cv-997. The court dismissed the petition on the grounds that Plaintiff was not "in custody" at the time of filing, rendering the petition jurisdictionally deficient.

98. The record in Case No. 21-CF-014072-A remains accessible through databases maintained by Defendant LexisNexis and continues to appear on consumer reports furnished to employers.

99. LexisNexis is a wholesale data provider that collects, aggregates, and resells court records and criminal history data to background screening firms including Checkr.

100. Neither Checkr nor LexisNexis verified the disputed criminal record by obtaining a certified copy from the Hillsborough County Clerk of Court.

101. Defendant Victor D. Crist, in his capacity as Clerk and Comptroller, continues to maintain and disseminate the void judgment via public and commercial access channels.

102. Defendant Mark Glass, in his capacity as FDLE Commissioner, continues to publish and make available Plaintiff's criminal history through law enforcement and third-party integrations.

103. Plaintiff has suffered repeated adverse employment outcomes, economic injury, reputational damage, and emotional distress as a direct result of Defendants' conduct.

104. Each Defendant's failure to verify, correct, or cease dissemination of the void conviction contributes to an ongoing constitutional and statutory injury.

**COUNT VI – VIOLATION OF 15 U.S.C. § 1681b(b)(3)**

**(Failure to Provide Proper Pre-Adverse Action Notice – Against Employer Defendants)**

105. Plaintiff incorporates all preceding paragraphs by reference.

106. Under 15 U.S.C. § 1681b(b)(3), before taking adverse action based on a consumer report, an employer must provide the consumer with a copy of the report and a written summary of rights under the FCRA.

107. Lyft, Uber, Instacart, Walmart, and DoorDash received reports from Checkr and took adverse actions (including rejection or disqualification of Plaintiff from employment) but failed to afford Plaintiff a reasonable opportunity to respond before final action.

108. In some instances, such as Uber and Walmart, the period between pre-adverse and final adverse action was inadequate under the FCRA and established industry standards (typically requiring 5–7 days).

109. As held in *Cotten v. Costco Wholesale Corp.*, No. 8:14-cv-2871-T-27EAJ, 2015 WL 5781379 (M.D. Fla. Sept. 30, 2015), strict compliance with the pre-adverse action notice requirement is mandatory, and a failure to adhere can support a claim for damages under § 1681n.

110. Plaintiff was denied employment without adequate due process and is entitled to relief under the FCRA against each of the named employer defendants.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

1. Enter judgment in favor of Plaintiff and against Defendants on all counts stated herein, including Checkr, LexisNexis, and the employer defendants (Lyft, Uber, Instacart, Walmart, and DoorDash);

2. Award actual, statutory, and punitive damages against Checkr, LexisNexis, and the employer defendants under 15 U.S.C. §§ 1681n and 1681o;

3. Declare the conviction in Hillsborough County Case No. 21-CF-014072-A constitutionally void;

4. Enjoin Checkr and LexisNexis from reporting, publishing, redistributing, or selling Plaintiff's void criminal record;

5. Enjoin Defendants Mark Glass and Victor Crist from further publishing or maintaining the judgment in any publicly accessible or commercial database;

6. Order the equitable disgorgement of all profits derived from the publication or use of Plaintiff's criminal record;

7. Award Plaintiff costs of this action, including reasonable expenses, fees, and such other relief as the Court deems just and proper.

## VERIFICATION

I, Ali Taj Bey, declare under penalty of perjury under the laws of the United States of America that the foregoing statements of the undersigned, are true, correct and complete.

Executed this 28th day of July, 2025

_Bey Ali sui juris_
Ali Taj Bey
4000 24th Street N #802
St. Petersburg, Florida 33714
United States of America
[ali.taj.bey@gmail.com]
(727) 454-8566

14