UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**ALI TAJ BEY**,

    Plaintiff,

v.                                                                                      Case No. 8:25-cv-01977-WFJ-CPT

**MARK GLASS**, in his official capacity as
Commissioner of the Florida Department of
Law Enforcement;
**VICTOR D. CRIST**, in his official capacity as
Clerk and Comptroller of Hillsborough County,
Florida,

    Defendants.
_____/

## **ORDER**

Before the Court are Defendants Mark Glass, Commissioner of the Florida Department of Law Enforcement ("Commissioner Glass") and Victor D. Crist's, in his official capacity as Clerk of Circuit Court & Comptroller, Hillsborough County, Florida ("Clerk Crist"), Motions to Dismiss the Amended Complaint under Federal Rule of Civil Procedure 12(b)(1) and (6). Dkts. 92, 94. Plaintiff Ali Bey, proceeding *pro se*, has responded in opposition. Dkts. 100, 101. For the reasons explained below, the Court grants the motions to dismiss without prejudice.

## BACKGROUND

This dispute centers around Plaintiff Bey suing several Defendants,[1] including Commissioner Glass and Clerk Crist, because he disputes his state felony conviction. Dkt. 1 ¶¶ 74, 75.

In the Complaint, Plaintiff alleges he "applied to multiple app-based platforms" seeking employment, and that Checkr Inc. furnished consumer reports containing "a criminal conviction from Hillsborough County Circuit Court in Case No. 21-CF-014072-A" for "Felon in Possession of a Firearm." *Id.* ¶¶ 83, 85. Plaintiff argues that "[t]he conviction arose from a prosecution that Plaintiff alleges was void, constitutionally defective, and grounded on an expunged prior predicate offense." *Id.* ¶ 86.

Concerning Commissioner Glass and Clerk Crist, Plaintiff's allegations against them are only two sentences: "Defendant Victor D. Crist, in his capacity as Clerk and Comptroller, continues to maintain and disseminate the void judgment via public and commercial access channels[,] [and] Defendant Mark Glass, in his capacity as FDLE Commissioner, continues to publish and make available Plaintiff's criminal history through law enforcement and third-party integrations." *Id.* ¶¶ 101, 102.

---

[1] Every other Defendant has been terminated from the case following voluntary dismissals and settlements.

On July 28, 2025, Plaintiff filed suit against nine defendants, asserting various claims against each defendant. *See generally id*. As relevant to Commissioner Glass and Clerk Crist, only Count V in the Complaint is directed at Defendants, which "seeks a declaratory judgment that the conviction in Case No. 21-CF-014072-A is void due to constitutional and jurisdictional defects[,] . . . [and] injunctive relief prohibiting . . . FDLE and Clerk Crist from publishing, transmitting, or certifying the void record[.]" *Id.* ¶¶ 69, 70.

## LEGAL STANDARD

As an initial matter, *pro se* litigants' filings are liberally construed. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). This liberal reading, however, does not exempt *pro se* plaintiffs from the pleading standards outlined in the Federal Rules of Civil Procedure or the Local Rules of the Middle District of Florida. *Beckwith v. Bellsouth Telecomms., Inc.*, 146 F. App'x 368, 371 (11th Cir. 2005); *Caton v. Louis*, No. 2:07-CV-32-FtM-99SPC, 2007 WL 9718731, at *1 (M.D. Fla. Feb. 21, 2007). Moreover, a district court may not serve as a *pro se* plaintiff's "*de facto* counsel" or "rewrite an otherwise deficient pleading. . . ." See *GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998).

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept all the complaint's allegations as true, construing them in a light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282,

3

1284 (11th Cir. 2008). The pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive dismissal, the complaint's allegations must plausibly suggest that the [plaintiff] has a right to relief, raising that possibility above a speculative level." *James River Ins. Co. v. Ground Down Eng'g, Inc.*, 540 F.3d 1270, 1274 (11th Cir. 2008) (citation modified) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). The Court does not need to accept as true any bare legal conclusions offered in a complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Subject matter jurisdiction must be established before a case can proceed on the merits. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998). This is because "[f]ederal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. of Am.*, 511 U.S. 375, 377 (1994). "[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously [e]nsure that jurisdiction exists over a case." *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001) (citation modified). A defendant may challenge subject matter jurisdiction facially or factually. *See Douglas v. United States*, 814 F.3d 1268, 1274–75 (11th Cir. 2016). "A facial attack on the complaint requires the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." *Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d

4

1229, 1232–33 (11th Cir. 2008) (citation modified). "By contrast, a factual attack on a complaint challenges the existence of subject matter jurisdiction using material extrinsic from the pleadings, such as affidavits or testimony." *Id.*

## DISCUSSION

For the reasons discussed below, the Court grants Defendants' motions to dismiss. As pled, the Court finds that *Younger* abstention requires dismissal of Count V against Commissioner Glass and Clerk Crist.

As an initial matter, the Court cannot determine the cause of action being brought by Plaintiff against Commissioner Glass and Clerk Crist in Count V. The heading for Count V is titled "DECLARATORY AND INJUNCTIVE RELIEF." Dkt. 1 at 7. Declaratory judgments and injunctions, however, are not causes of action. Instead, they are *remedies* tied to some other cause of action. *See Alabama v. U.S. Army Corps of Eng'rs*, 424 F.3d 1117, 1127 (11th Cir. 2005) (citation modified) ("There is no such thing as a suit for a traditional injunction in the abstract. For a traditional injunction to be even theoretically available, a plaintiff must be able to articulate a basis for relief that would withstand scrutiny under Fed.R.Civ.P. 12(b)(6) (failure to state a claim)."); *Goodin v. Fid. Nat. Title Ins. Co.*, 491 F. App'x 139 (11th Cir. 2012) (citing *Borden v. Katzman*, 881 F.2d 1035, 1037 (11th Cir. 1989)) ("The Declaratory Judgment Act, 28 U.S.C. § 2201, does not confer jurisdiction upon a federal court. . . . Thus, a suit brought under the Declaratory

Judgment Act must have an independent source of jurisdiction, such as diversity jurisdiction."); *Kornegay v. Beretta USA Corp.*, 614 F. Supp. 3d 1029, 1037[ (N.D. Ala. 2022) ("Declaratory judgments and injunctions are not causes of action but, rather, are remedies tied to some other cause of action."). Plaintiff's failure to adequately plead a substantive provision of state or federal law for which he seeks declaratory and injunctive relief is already grounds for dismissal.² Regardless, as discussed below, the Court also finds that there are other independent grounds warranting dismissal.

## I.  Article III Standing

In his motion to dismiss, Commissioner Glass argues that Plaintiff has failed to sufficiently plead the elements necessary to show Article III standing. Dkt. 92 at 5. To demonstrate Article III standing, a plaintiff must have "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (citation omitted). These three elements "constitute[ ] the

---

² The Complaint argues that "[u]nder *Ex parte Young*, 209 U.S. 123 (1908), and Ford v. Browning, 568 F.3d 1175 (11th Cir. 2009), state officials may be sued in their official capacity for prospective equitable relief." Dkt. 1 ¶ 71. To the extent Plaintiff is arguing that *Ex parte Young* is a cause of action, he is mistaken. The *Ex parte Young* doctrine "is a long and well-recognized exception to [the Eleventh Amendment immunity] rule for suits against state officers seeking prospective equitable relief to end continuing violations of federal law[,]" not an independent cause of action. *Summit Med. Assocs., P.C. v. Pryor*, 180 F.3d 1326, 1336 (11th Cir. 1999).  As for "Ford v. Browning," the Court cannot find this alleged Eleventh Circuit case based on independent research. The Court believes the citation is a hallucination, possibly caused by the use of Artificial Intelligence during the drafting of the Complaint. The Court warns Plaintiff that it has the inherent authority under Federal Rule of Civil Procedure 11 to sanction Plaintiff for such conduct, including the complete dismissal and termination of the case. *See ByoPlanet Int'l, LLC v. Johansson*, 792 F. Supp. 3d 1341, 1357 (S.D. Fla. 2025); *O'Brien v. Flick*, No. 24-61529-CIV, 2025 WL 242924, at *8 (S.D. Fla. Jan. 10, 2025).

6

core of Article III's case-or-controversy requirement." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 103–04 (1998). The plaintiffs bear the burden of establishing each of the three standing elements. *Bennett v. Spear*, 520 U.S. 154, 167–68 (1997). How much evidence is necessary to satisfy that burden depends on the stage of litigation at which the standing challenge is made. *Id.* At the pleading stage, "general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss [the Court] presume[s] that general allegations embrace those specific facts that are necessary to support the claim." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992) (citation modified).

Here, for the purposes of resolving the motion to dismiss, the Court finds Plaintiff has sufficiently pled all three elements. First, Plaintiff claims to have suffered an injury in fact due to "adverse employment outcomes, economic injury, reputation damages, and emotional distress." Dkt. 1 ¶ 103; *see TransUnion LLC v. Ramirez*, 594 U.S. 413, 417 (2021) (listing types of "concrete harm[s]" including "physical harm, monetary harm, or various intangible harms [like] reputational harm"). Second, accepting the factual allegations as true and liberally construing Plaintiff's *pro se* Complaint, the alleged injuries are fairly traceable to Commissioner Glass as the head of "the state agency charged with maintaining and publishing criminal history records." Dkt. 100 at 4; *see* Dkt. 1 ¶ 102. Finally, as to redressability, such harms could be remedied by a favorable judicial decision prohibiting

7

Commission Glass from engaging in such conduct. However, for the reasons discussed below, the Court dismisses the Complaint and abstains from hearing this case under *Younger* abstention.

## II. *Younger* Abstention

Commissioner Glass also contends that this Court should abstain from hearing this case under *Younger v. Harris*, 401 U.S. 37 (1971). Dkt. 92 at 6. "*Younger* established that, based on principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings where the state court conviction and/or sentence is not yet final." *Johnson v. Florida*, 32 F.4th 1092, 1099 (11th Cir. 2022) (citing *Younger*, 401 U.S. at 43–45); *see Tokyo Gwinnett, LLC v. Gwinnett Cnty., Georgia*, 940 F.3d 1254, 1261 (11th Cir. 2019) ("[F]ederal courts should abstain from hearing suits aimed at restraining pending state criminal prosecutions."). "*Younger* abstention applies only in three exceptional circumstances: (1) ongoing state criminal prosecutions, (2) certain civil enforcement proceedings, and (3) civil proceedings involving certain orders uniquely in furtherance of the state courts' ability to perform their judicial functions." *Tokyo Gwinnett*, 940 F.3d at 1267 (citation modified). When one of those circumstances exists, a court must determine whether abstention was warranted based on the following factors: "(1) there is an ongoing state-court proceeding at the time of the federal action; (2) the state proceeding implicates an important state interest; and (3)

8

the state proceeding affords the federal plaintiff an adequate opportunity for judicial review of his or her federal constitutional claims." *Id.* at 1268 (citation modified) (quoting *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)). If these factors are satisfied, a federal court can abstain under *Younger*. *See New Georgia Project, Inc. v. Att'y Gen., State of Georgia*, 106 F.4th 1237, 1242–43 (11th Cir. 2024).

As to the first *Middlesex* factor, "a state proceeding is considered 'ongoing' for *Younger* purposes in two circumstances[:] First, a state proceeding is 'ongoing' if it was pending at the time the federal suit was filed. . . . Second, even if a state proceeding began after the filing of a federal suit, the state proceeding is still 'ongoing' if the state proceeding commenced before any proceedings of substance on the merits have taken place in the federal court." *Id.* (citation modified).

Here, the Court should abstain under *Younger* as all three *Middlesex* factors are satisfied. First, the relief Plaintiff seeks in this case would interfere with the criminal proceeding pending in state court. As admitted in the Complaint, the criminal case against Plaintiff is "ongoing" as it was reopened and pending at the time Plaintiff filed the instant federal case on July 28, 2025. *See* Dkt. 1 ¶ 81 ("No court to date has ruled on the constitutional validity of the judgment in Case No. 21-CF-014072-A. The state courts have refused to docket or hear Plaintiff's pending [Florida Rule of Criminal Procedure] 3.850 motion filed on June 2, 2025, and have

9

failed to respond to the July 3, 2025, Motion to Hear and Rule."); *see also New Ga. Project, Inc. v. Att'y Gen., State of Ga.*, 106 F.4th 1237, 1243 (11th Cir. 2024) ("[A] state action is 'ongoing' if it's actually pending on the day the federal suit is filed.").

Furthermore, this federal proceeding would interfere with Plaintiff's pending criminal case. "In order to decide whether the federal proceeding would interfere with the state proceeding, [the Court] look[s] to the relief requested and the effect it would have on the state proceedings." *31 Foster Child. v. Bush*, 329 F.3d 1255, 1276 (11th Cir. 2003) (citation omitted). "The relief sought need not directly interfere with an ongoing proceeding or terminate an ongoing proceeding in order for *Younger* abstention to be required." *Id.*

Here, Plaintiff "seeks a declaratory judgment that the conviction in Case No. 21-CF-014072-A is void due to constitutional and jurisdictional defects" and "injunctive relief prohibiting . . . FDLE and Clerk Crist from publishing, transmitting, or certifying the void record[.]" Dkt. 1 ¶¶ 69, 70. Both forms of relief would directly usurp the very role the state court is presently tasked with—i.e., determining whether to "void" Plaintiff's state felon in possession conviction. In other words, the declaratory and injunctive relief Plaintiff requests "would interfere with the ongoing state [criminal] proceedings by placing decisions that are now in the hands of the state court[] under the direction of" this federal district Court. *31 Foster Child.*, 329 F.3d at 1278. Such a request is improper under *Younger*.

Second, Plaintiff's pending state criminal proceeding undoubtedly implicates an important state interest, as "criminal proceedings involve important state interests." *Turner v. Broward Sheriff's Off.*, 542 F. App'x 764, 767 (11th Cir. 2013) (citing *Middlesex,* 457 U.S. at 432); *Middlebrooks v. Dist. Att'y of Floyd Cnty., Georgia*, No. 24-11498, 2025 WL 227587, at *2 (11th Cir. Jan. 17, 2025).

Third, the Court finds the underlying state criminal proceeding will afford Plaintiff an adequate opportunity for judicial review of his federal constitutional claims. Plaintiff has "the burden of establishing that the state proceedings do not provide an adequate remedy for [his] federal claims." *31 Foster Child.*, 329 F.3d at 1279 (citation omitted). "Minimal respect for the state processes, of course, precludes any presumption that the state courts will not safeguard federal constitutional rights." *Id.* (quoting *Middlesex,* 457 U.S. at 431). "A federal court 'should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary.'" *Id.* (quoting *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987)). As such, "[a]dequacy in this context is not about the quality of the state proceedings, but rather about 'whether the challenge can be raised in the pending state proceedings at all.'" *Leonard v. Alabama State Bd. of Pharmacy*, 61 F.4th 902, 908 (11th Cir. 2023) (citation modified) (quoting *Moore v. Sims*, 442 U.S. 415, 425 (1979)). "[G]eneralized arguments about the inadequacy,

11

inconvenience, or complexity of proceedings before a state tribunal will not do." *Id.* at 909.

Here, Plaintiff summarily alleges, without any factual support, that he "has no adequate remedy at law and has exhausted all available state . . . procedures." Dkt. 1 ¶ 72. But Plaintiff then alleges he has a pending Florida Rule of Criminal Procedure 3.850 motion before the state court judge. *Id.* ¶ 81. Accepting the factual allegations as true, Plaintiff has an opportunity—and is currently using said opportunity by filing a post-conviction relief motion—to raise challenges to his felony conviction in the pending state proceeding. Moreover, Plaintiff will also have an opportunity to appeal the state court's rulings on any motion to Florida's Second District Court of Appeal. As for allegations that the state court judge is "refusing to docket or hear" Plaintiff's pending post-conviction relief motion, *id.* ¶ 81, these are "generalized arguments" about inadequacy in the state proceeding, which "will not do."[3] *Leonard*, 61 F.4th at 909. Therefore, the Court finds Plaintiff has failed to carry his burden of establishing that the state proceedings do not provide an adequate remedy for his federal claims.

Because all three *Middlesex* factors are satisfied, this Court should abstain under *Younger* unless Plaintiff shows that one of the "three narrow exceptions to the abstention doctrine" applies: "(1) there is evidence of state proceedings motivated

---

[3] To the contrary, a brief review of the pending state criminal case docket—STATE OF FLORIDA v. BEY, ALI TAJ, Case No. 21-CF-014072-A—shows that State Circuit Judge Michelle Sisco recently issued an Order on November 4, 2025, that set an evidentiary hearing on January 6, 2026, at 10:00 a.m. for Plaintiff's Rule 3.850 post-conviction relief motion. *See State of Florida v. Bey, Ali Taj*, 21-CF-014072-A, Dkt. 369 at 11.

12

by bad faith; (2) irreparable injury would occur; or (3) there is no adequate alternative state forum where the constitutional issues can be raised." *Johnson*, 32 F.4th at 1099 (citations omitted). The Court need not spend much time discussing these exceptions. Nothing in Plaintiff's Complaint or brief response to the motion to dismiss establishes that any of these narrow exceptions are present or satisfied. *See generally* Dkts. 1, 100.

Finally, *Younger* abstention generally justifies the dismissal of claims seeking injunctive and declaratory relief, not monetary damages. *See Pompey v. Broward Cnty.*, 95 F.3d 1543, 1552 n.12 (11th Cir. 1996) (citing *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706 (1996)) ("It is doubtful that federal district courts may dismiss claims for damages under abstention principles."); *Deakins v. Monaghan*, 484 U.S. 193, 202 (1988) ("Even if the *Younger* doctrine requires abstention here, the District Court has no discretion to dismiss rather than to stay claims for monetary relief that cannot be redressed in the state proceeding."); *see also Tribble v. Tew*, 653 F. App'x 666, 667 (11th Cir. 2016) ("Although abstention was appropriate, the district court erred in dismissing [the plaintiff's] claims rather than staying this action. . . . [The plaintiff's] seeks money damages, which are unavailable in his state criminal proceeding[.]"); *Watson v. Fla. Jud. Qualifications Comm'n*, 618 F. App'x 487, 491 (11th Cir. 2015) (finding that "[t]he district court did not abuse its discretion by dismissing [the plaintiff's] claims for injunctive and declaratory relief" but that "the

13

district court lacked discretion to dismiss [the plaintiff's] claims for monetary damages under the *Younger* doctrine").

Here, the Complaint is clear that Plaintiff is only seeking declaratory and injunctive relief against Commissioner Glass and Clerk Crist, not monetary damages. Dkt. 1 ¶¶ 69, 70. Moreover, Plaintiff's response to one of the motions to dismiss helpfully clarifies that he "does not seek monetary damages against Commissioner Glass." Dkt. 100 at 6. Thus, the Court dismisses Count V without prejudice[4] on *Younger* abstention grounds.[5]

## CONCLUSION

Accordingly, it is hereby **ORDERED** and **ADJUDGED** that:

1. Defendants Commissioner Glass and Clerk Crist's Motions to Dismiss, Dkts. 92, 94, are **GRANTED.** Count V in the Complaint, Dkt. 1 at 7, is **DISMISSED without prejudice.**

2. The Clerk is directed to **TERMINATE** all pending motions and deadlines, and to **CLOSE** this case.

**DONE AND ORDERED** in Tampa, Florida, on December 1, 2025.

*/s/ William F. Jung*
**WILLIAM F. JUNG**

---

[4] *See Hale v. Pate*, 694 F. App'x 682, 684 (11th Cir. 2017) ("Dismissals pursuant to the *Younger* abstention doctrine are without prejudice.").

[5] Pursuant to the clear application of the *Younger* abstention doctrine, the Court need not reach Defendants' additional arguments concerning the *Rooker-Feldman* doctrine, *Heck v. Humphrey*, 512 U.S. 477 (1994), sovereign immunity, or failure to state a claim because this case should be dismissed on the above analysis without regard to those additional arguments. *See* Dkt. 92 at 8–16; Dkt. 94 at 3–9.

**UNITED STATES DISTRICT JUDGE**

**<u>COPIES FURNISHED TO</u>**:
Counsel of Record
Plaintiff, *pro se*